IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CLARA FULLER et al.                                                                                   PLAINTIFFS

vs.                                              Civil No. 1:20-cv-01019

ATLANTIC EXPLORATION                                                                          DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim. ECF No. 18. Defendant filed this Motion on September 15, 2020. *Id.* Two of the seven Plaintiffs have responded to this Motion. ECF Nos. 25, 32. None of the other Plaintiffs has responded, and the time to respond has expired. *See* Local Rule 7.2(b). This Motion has been referred to the undersigned, and it is now ripe for consideration.

1.      **Background:**

On May 6, 2020, this lawsuit was filed by seven siblings who allege Defendant owes each of them royalties based upon mineral interests. *See* ECF No. 1. Plaintiffs' accusations are based upon the execution of leases and conveyances from the mid-1990s, over twenty-five years ago. Those leases and conveyances were recorded in the public records of Columbia County, Arkansas in 1993 and 1994. *Id.*

This is the second lawsuit Plaintiffs have filed. The original lawsuit was filed on May 14, 2019 against Lion Oil Trading & Transportation, LLC. *See Fuller et al. v. Lion Oil Trading & Transportation, LLC,* 1:19-cv-01020 (W.D. Ark.). In *Lion Oil,* Plaintiffs' case was dismissed at the summary judgment stage because it was found to be barred by the statute of limitations. *See* ECF No. 74. In that action, Judge Hickey provided a thorough summary of Plaintiffs' conduct in that case and repeated requests for extensions. *Id.* Plaintiffs' action in *Lion Oil* was dismissed on

June 9, 2020. Plaintiffs have appealed that action to the United States Court of Appeals for the Eighth Circuit, and that appeal is now pending. *See* ECF No. 84.

In the current action, Defendant filed the present Motion to Dismiss over four months ago on September 15, 2020. ECF No. 15. Since that time, Plaintiff Clara Fuller filed a timely response. ECF No. 25. Plaintiff George Fuller requested an extension. ECF No. 21. That motion was granted, and Plaintiff George Fuller was given until November 13, 2020 to file a response. ECF No. 22. On November 9, 2020, Plaintiff George Fuller requested another extension. ECF No. 29. That motion was granted, and Plaintiff George Fuller was given until January 8, 2021 to respond. ECF No. 30.

Instead of timely responding, however, Plaintiff George Fuller filed a Motion for Leave to File Amended Complaint on January 5, 2021. ECF No. 31. Then, seven days after his deadline, Plaintiff George Fuller responded to Defendant's Motion to Dismiss. ECF No. 32. Apart from Plaintiff Clara Fuller and Plaintiff George Fuller, none of the Plaintiffs in this action has filed a response to Defendant's Motion to Dismiss. The time to respond has expired. *See* Local Rule 7.2(b).

**2.** **Applicable Law:**

To satisfy the requirements of Federal Rule of Civil Procedure 8(a), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "In order to met this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcoft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (internal quotations omitted)). Although courts will liberally construe a *pro se* plaintiff's complaint, the plaintiff must

allege sufficient facts to support those claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

3. **<u>Discussion</u>:**

For all of the reasons discussed in the *Lion Oil* companion case, the Court finds this case is barred by the statute of limitations. The documents at issue in this case were publicly filed documents from the mid-1990s. Any fraud claim based on the execution of those documents is barred by Arkansas's three-year statute of limitations for fraud. *See* Ark. Code Ann. § 16-56-105 (2006). These documents were all filed of public record; and Plaintiffs have supplied no demonstration that limitations tolling should apply for any reason.

Notably, as was stated in the *Lion Oil* case, these are publicly filed documents, and there is no tolling and no argument of concealment. *See, e.g., Hughes v. McCann,* 13 Ark. App. 28, 32, 678 S.W.2d 784, 786 (1984) (recognizing "filing for public record and concealment are mutually exclusive acts"). Accordingly, the Court finds Plaintiffs' claims are time-barred and should be dismissed.

As for Plaintiff George Fuller's Motion for Leave to File Amended Complaint (ECF No. 31), the Court notes that Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that courts should "freely give leave" to file an amended complaint "when justice so requires." In the present action, however, the Court finds leave should not be granted. Upon review of the proposed amended complaint, the Court finds it contains no factual allegations or legal support that would change this Court's determination that the statute of limitations has run as to Plaintiffs' claims. Accordingly, the Court recommends this Motion (ECF No. 31) be **DENIED**.

4. **<u>Conclusion</u>:**

Based upon the foregoing and because Plaintiffs' claims are barred by the three-year statute

of limitations, the Court finds Defendant's Motion to Dismiss (ECF No. 18) should be **GRANTED**, and Plaintiffs' case should be dismissed with prejudice. Further, Plaintiff George Fuller's Motion for Leave to File Amended Complaint (ECF No. 31) should be **DENIED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 22nd day of January 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE