IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CLARA FULLER, *et al*.                                                                                       PLAINTIFF

v.                                            Case No. 1:20-cv-01019

ATLANTIC EXPLORATION                                                                              DEFENDANT

**ORDER**

Before the Court is the Report and Recommendation filed on January 22, 2021, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 34). Plaintiffs Clara Fuller and George Fuller filed objections. (ECF No. 38)(ECF No. 41). The other five Plaintiffs did not file objections, and the time to do so has passed.[1] *See* Local Rule 7.2(b). Additionally before the Court is Plaintiff Clara Fuller's Motion to Amend Complaint. (ECF No. 35). The Court finds these matters ripe for consideration.

**I. BACKGROUND**

Plaintiffs are seeking to recover unpaid royalties from Defendant based upon their alleged mineral interests. (ECF No. 1). Plaintiffs' allegations are based upon leases and conveyances from 1993 and 1994 that were recorded in Columbia County, Arkansas. Prior to the instant action, Plaintiffs filed a lawsuit against Lion Oil Trading & Transportation, LLC, and that lawsuit was dismissed at the summary judgment stage because it was time barred. *See Fuller et al. v. Lion Oil Trading & Transportation, LLC*, No. 1:19-cv-01020, 2020 WL 5358508 (W.D. Ark. June 9, 2020).

---

[1] The other Plaintiffs include Grace Fuller, Thurman Fuller, Patricia Dockery, Louise Sawyer, and Elizabeth Donnell. Although Plaintiff Clara Fuller's objections to the present Report and Recommendation (ECF No. 38) purport to be filed on behalf of all Plaintiffs, it is only signed by Plaintiff Clara Fuller. As previously stated, every filing "must be signed by at least one attorney of record" or, alternatively, by every self-represented party filing the paper. Fed. R. Civ. P. 11(a). Plaintiffs all proceed pro se in this matter and Plaintiff Clara Fuller, a non-lawyer, cannot sign filings on behalf of her co-Plaintiffs. *Alexander v. Medtronic, Inc*., No. 2:12-CV-4104-NKL, 2012 WL 2049827, at *2 (W.D. Mo. June 6, 2012). Accordingly, Plaintiff Clara Fuller's Response can only be considered as being filed on her own behalf.

## II. DISCUSSION

In his Report and Recommendation, Judge Bryant recommends that due to Plaintiffs' claims being time barred by the statute of limitations, the Court should grant Defendant's Motion to Dismiss (ECF No. 18) and Plaintiffs' case should be dismissed with prejudice. Additionally, Judge Bryant recommends that Plaintiff George Fuller's Motion for Leave to File Amended Complaint (ECF No. 31) should be denied.

In the instant action, Plaintiffs Clara Fuller and George Fuller have filed several objections. Plaintiff Clara Fuller objects to the statute of limitations imposed by the Court. Plaintiff George Fuller objects to the same and also alleges violations of his Constitutional rights.[2] The Court will address these objections in turn.

### A. Statute of Limitations

First, Plaintiff Clara Fuller objects to the date of filing for this matter and alleges that the correct date of filing is February 10, 2020. Plaintiff Clara Fuller further argues that this purported corrected date would qualify this lawsuit under the three-year statute of limitations. (ECF No. 38, p. 3). Both Plaintiffs Clara Fuller and George Fuller argue that the statute of limitations should be tolled due to fraudulent concealment. Judge Bryant finds that Plaintiffs' claims are time barred by the three-year statute of limitations and cannot be tolled in this instance. The Court agrees.

The Court sits in diversity in this case, so it must apply Arkansas substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The parties agree that Plaintiffs' claims are governed by a three-year statute of limitations period, beginning once the cause of action accrues. Ark. Code. Ann § 16-56-105. It is also undisputed that the limitations period can be tolled for fraud if the

---

[2] Plaintiff George Fuller did not object to Judge Bryant's recommendation to deny his Motion for Leave to File Amended Complaint. Accordingly, the Court will not address that portion of the Report and Recommendation.

wrongdoing was affirmatively concealed. *Walters v. Lewis*, 276 Ark. 286, 290, 634 S.W.2d 129, 132 (1982). However, "if the plaintiff, by reasonable diligence, might have detected the fraud, he is presumed to have had reasonable knowledge of it." *Hampton v. Taylor*, 318 Ark. 771, 778, 887 S.W.2d 535, 539 (1994) (quoting *Wilson v. Gen. Elec. Capital Auto Lease, Inc.,* 311 Ark. 84, 87, 841 S.W.2d 619, 620-21 (1992)). If a fraudulently executed document is filed in the public record, the party alleging fraud is charged with knowledge of the document on the date of its recording. *Hughes v. McCann*, 13 Ark. App. 28, 31-32, 678 S.W.2d 784, 786 (1984) (citing *Teall v. Schroder*, 158 U.S. 172 (1895)).

Both Plaintiffs Clara Fuller and George Fuller argue that the statute of limitations should be tolled due to fraudulent concealment. Fraudulent concealment suspends the running of the statute of limitations, and the suspension remains in effect until the party having the cause of action discovers the fraud or should have discovered it by the exercise of due diligence. *Shelton v. Fiser*, 340 Ark. 89, 96, 8 S.W.3d 557, 561 (2000).

Plaintiff Clara Fuller indicates that the alleged fraudulent scheme by the oil companies was revealed in April 2016. (ECF No. 38, p. 5). Thus, even if Plaintiffs' allegations of fraudulent concealment are deemed legitimate, they remain time barred as the present matter was filed on May 6, 2020. (ECF No. 1). If the Court utilizes the date that Plaintiff Clara Fuller argues is the correct filing date, February 10, 2020, the claims remain time barred. If fraudulent concealment was found, as Plaintiffs allege, this alleged fraud was discovered by Plaintiffs in April 2016. Therefore, the statute of limitations would start to run at the time of the discovery of fraud in April 2016, and thus would be expired by the time Plaintiffs filed the present matter. Further, if Plaintiffs did not discover Defendant's specific involvement in this fraud until a later date, that does not negate the initial finding of fraud in April 2016.

Accordingly, Plaintiffs claims are time barred and tolling the statute of limitations because of fraudulent concealment is improper.

### B. Constitutional Violations

Plaintiff George Fuller argues that Defendant engaged in a conspiracy with his siblings and non-heirs to conceal the alleged fraudulent transactions, and thus his Fifth and Fourteenth Amendment Rights were violated. A private entity may qualify as a state actor when it exercises "powers traditionally exclusively reserved to the state." *Manhattan Community Access Corporation v. Halleck*, 139 S.Ct. 1921, 1928 (2019). To qualify as a traditional, exclusive public function, the government must have traditionally and exclusively performed the function. *Id*. at 1929.

In the present case, Defendant Atlantic Exploration Company is a private entity and Plaintiff's siblings are private individuals. There is no evidence to suggest that Defendant or Plaintiff's siblings were acting with the State or its agents at any time. Thus, the state-action doctrine is inapplicable and there is nothing to suggest that government action is present. Accordingly, Defendant is not a state actor and there are no constitutional violations present.

### C. Amended Complaint

As previously mentioned, Judge Bryant recommends that the Court deny Plaintiff George Fuller's Motion for Leave to File Amended Complaint (ECF No. 31). Plaintiff George Fuller did not object to this portion of the Report and Recommendation. Upon review of the proposed amended complaint, Judge Bryant found that it did not contain any factual allegations or legal support that would alter the Court's determination that the statute of limitations had run. The Court agrees.

After the filing of the instant Report and Recommendation, Plaintiff Clara Fuller filed a Motion to Amend Complaint based on newly discovered evidence. (ECF No. 35). Upon review of the proposed amended complaint, the Court finds that the document is identical to the proposed amended complaint offered by Plaintiff George Fuller. Upon review, the Court maintains Judge Bryant's position that this proposed amended complaint does not contain any factual allegations or legal support that would alter the Court's determination that the statute of limitations has run. Accordingly, Plaintiff Clara Fuller's Motion to Amend Complaint will be denied.

### III. CONCLUSION

For the above-discussed reasons and upon de novo review, the Court finds that Plaintiffs offer neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Accordingly, the Court overrules both Plaintiff Clara Fuller's Objections (ECF No. 38) and Plaintiff George Fuller's Objections (ECF No. 41) and adopts the Report and Recommendation. (ECF No. 34). Plaintiff George Fuller's Motion for Leave to File Amended Complaint (ECF No. 31) is **DENIED**. Plaintiff Clara Fuller's Motion to Amend Complaint (ECF No. 35) is **DENIED**. This case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 3rd day of May, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge